FERNANDO SIERRA BERDECÍA, COMISIONADO DEL TRABAJO DE PUERTO RICO, ETC., querellante y apelado, *v.* RAFAEL ROMÁN, querellado y apelante.

Núm. 10595.—*Sometido:* Febrero 11, 1952. *Resuelto:* Abril 3, 1952.

*H. Ramos Mimoso,* abogado del apelante; *Joaquín Gallart Mendía,* abogado del Departamento del Trabajo y a su vez del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tri-bunal.

El Comisionado del Trabajo radicó una querella en reclamación de salarios contra Rafael Román a nombre de varios empleados de éste. El demandado ha apelado de la sentencia de la corte de distrito y señala tres errores. El primero es que la corte inferior cometió error al resolver que el Decreto Mandatorio original núm. 12 para la industria de transporte cubría al querellado por el período comprendido entre el 22 de enero de 1947 y el 7 de mayo de 1947.

■ Esta misma cuestión fué considerada por nosotros en el caso de *Sierra* v. *Ramos Mimoso et al.*, resuelto por opinión *per curiam* el 18 de abril de 1951, donde dijimos lo siguiente:

"La única cuestión de derecho levantada en este recurso es la de si habiéndose suspendido por la Junta de Salario Mínimo el decreto antes mencionado desde el 22 de enero de 1947 hasta el 7 de mayo siguiente, a virtud de la moción de reconsideración radicada ante la junta por la Bayamón Transit Co., moción que fué luego declarada sin lugar, los querellantes tenían derecho a percibir los salarios fijados en el decreto durante el tiempo en que éste estuvo en suspenso. El objeto de la suspensión mientras se resolvía por la junta la moción de reconsideración era evitar que la compañía tuviera que pagar los salarios fijados por el decreto durante la suspensión en el caso de que fuese declarada con lugar la moción de reconsideración; pero desestimada ésta, la suspensión quedó sin efecto legal y los querellados venían obligados a pagar a los querellantes los salarios fijados en el decreto por todo el tiempo en que ellos trabajaron para la compañía o sea desde el 18 de enero de 1947 hasta el 31 de octubre del mismo año, conforme resolvió la corte inferior. Véase sección 24 (*c*) y (*f*) de la Ley 217 de 11 de mayo de 1945 enmendatoria de la Ley núm. 8 de 5 de abril de 1941."

Después de examinar nuevamente la cuestión suscitada por este error nos adherimos a la doctrina del caso de *Ramos Mimoso*.

■ El segundo señalamiento es que la corte inferior cometió error al negarse a desestimar las reclamaciones de aquellos querellantes que no comparecieron a la vista del caso.

Al argumentar esta contención, el apelante descansa en el artículo 5 de la Ley núm. 10 del 14 de noviembre de 1917 ( (2) pág. 217), según quedó enmendado por la Ley núm. 182, Leyes de Puerto Rico, 1948 ( (2) pág. 471), que prescribe en parte así: "Si las partes no comparecieren al acto del juicio, o si compareciere sólo el querellado, la corte desestimará la reclamación, pero si sólo compareciere el querellante, la corte, a instancias del querellante, dictará sentencia contra el querellado concediendo el remedio solicitado."

No podemos convenir con el apelante en que el artículo 5 requiere que el demandante comparezca personalmente en un pleito de salarios. Por el contrario, creemos que la Legislatura obviamente tuvo por miras que las partes comparecieran personalmente o por sus abogados. Resolver lo contrario crearía para ambas partes una gran inconveniencia sin fin práctico alguno, especialmente donde no se requiere sus testimonios. Nuestra interpretación del artículo 5 encuentra apoyo en los términos del artículo 2 de la Ley núm. 10, según ha sido enmendado.(1) Los querellantes comparecieron en este caso en todo momento durante el juicio a través del Comisionado del Trabajo, quien a su vez estaba representado por su abogado. Véase el artículo 25, Ley núm. 8, Leyes de Puerto Rico, 1941 ( (1) pág. 303), según ha sido enmendado

---

(1) La última enmienda del artículo 2 se encuentra en la Ley núm. 150, Leyes de Puerto Rico, 1950. Pero durante años ha permanecido sustancialmente sin sufrir enmienda alguna en tanto en cuanto concierne a la cuestión ante nos. Prescribe en parte que "El Juez dictará una orden para que se notifique a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma *al abogado de la parte querellante o a ésta si hubiera comparecido por derecho propio*, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueva la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole además que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse *al abogado de la parte querellante o a ésta si compareciere por derecho propio*, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el Juez, si de la faz de la moción encontrare causa justificada, prorrogar el término para contestar." (Bastardillas nuestras.)

por la Ley núm. 451, Leyes de Puerto Rico, 1947 ((1) pág. 951). La corte inferior por consiguiente no cometió el segundo error.

El tercer señalamiento es que la corte de distrito erró al declarar con lugar las reclamaciones de los querellantes Miguel Delgado, Jorge Román y Juan Montalvo. En cuanto a Delgado y Román, quienes obtuvieron sentencias de $1.00 cada uno, el apelado admite que la sentencia es errónea. En consecuencia ésta será modificada eliminándole estas dos partidas.

En cuanto a Juan Montalvo, la corte inferior desestimó la querella en tanto en cuanto se reclamaban salarios para él en calidad de mecánico, que es un empleado diestro. Sin embargo, la corte de distrito declaró con lugar su reclamación hasta la suma de $31.80, más una cantidad igual como penalidad, en virtud de su empleo como ayudante de mecánico, que es un empleado semi-diestro. Esta reclamación está ampliamente sostenida por los récords del propio demandado. Es cierto que Montalvo compareció como testigo del demandado y declaró que el patrono nada le debía y que no había autorizado al Comisionado del Trabajo a incluírle como querellante en este caso. Pero todavía surgen casos, incluyendo aparentemente éste, en que los empleados no tienen conocimiento cabal de sus derechos. El Comisionado cumplía con el mandato de la Legislatura expresado en el artículo 25 de la Ley núm. 8, según ha sido enmendado, al hacer valer esta reclamación a favor de Montalvo, a quien el demandado debía dinero de acuerdo con sus propios records. Bajo estas circunstancias el demandado no puede refugiarse en la ignorancia de Montalvo en cuanto a sus derechos o en no haber éste autorizado expresamente al apelado que incluyera su nombre como querellante.

*La sentencia de la corte de distrito será modificada eliminando de la misma las partidas de $1.00 a favor de Miguel Delgado y Jorge Román. Así modificada, la sentencia será confirmada.*