ISAURO MELGAR, ET AL., demandantes y apelados, *v.* PUERTO RICO AUTO CORPORATION, demandada y apelante.

Número 10816.
*Sometido:* 7 de abril de 1954. *Resuelto:* 29 de abril de 1954.

*Manuel Cruz Horta,* abogado de la apelante; *Víctor M. Bosch,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

La Puerto Rico Auto Corporation ha apelado de una sentencia dictada por el anterior Tribunal de Distrito, condenándole a pagar determinadas sumas de dinero a un grupo de 39

obreros por concepto de horas extras trabajadas, vacaciones acumuladas en cuanto a dos de ellos y la penalidad correspondiente, más las costas y honorarios de abogado.

Los obreros reclamantes, aquí apelados, trabajaron para la apelante en el arreglo, reparación y pintura de automóviles nuevos para la venta al detall después de estar en vigor el Decreto Mandatorio núm. 8 de la Junta de Salario Mínimo de Puerto Rico.(¹) No hubo controversia en cuanto a la naturaleza de la labor realizada, tiempo trabajado y salario devengado por cada uno de los apelados. La apelante Puerto Rico Auto Corporation aceptó que había pagado a estos obreros todas las horas extras que ellos habían trabajado a razón de tiempo y medio del salario que estaban devengando y no a razón del doble de dicho tiempo según lo dispone el Decreto Mandatorio núm. 8, y que en su consecuencia les adeudaba la diferencia de medio tiempo, sumas estas sobre las cuales tampoco hay controversia. Sin embargo, la apelante sostiene que no viene obligada a pagar estas sumas a los querellantes. Su defensa consiste en que como los querellantes trabajaron para ella a base de un salario por hora y no por semana por negligencia de su departamento de contabilidad pagó a estos obreros todos los días feriados comprendidos en el período cubierto por la querella sin que dichos obreros hubieran realizado labor alguna en los referidos días y que las cantidades así cobradas indebidamente por los querellantes, compensa con creces lo que ella les adeuda. Respecto a esta defensa tampoco hubo controversia en cuanto al número de días feriados que fueron pagados a razón de tiempo y medio y no trabajados.

El tribunal a quo resolvió (a) que los obreros querellantes trabajaron a base de un salario semanal y no por hora; y (b) que no procedía la reconvención o compensación alegada

---

(¹) Este Decreto fué promulgado en 5 de abril de 1945, entró en vigor 60 días después y es el que fija salarios mínimos, horas máximas de labor y condiciones de trabajo en el Negocio de Ventas al por menor. Las partes convienen en que dicho decreto es aplicable a los aquí apelados.

por la querellada, en vista de las disposiciones de la Ley núm. 10 de 14 de noviembre de 1917 según fué enmendada posteriormente. (²)

■■ Para determinar la naturaleza del contrato de trabajo, esto es, si los obreros querellantes trabajaron por un salario semanal o por hora, ambas partes descansaron en las nóminas de la apelante y en alguna que otra prueba oral que muy poca luz arroja sobre la cuestión. Las nóminas no han sido elevadas a este Tribunal, y por tanto, muy poco conocemos de su contenido. Después de examinar detenidamente los autos convenimos con la apelante en que: "No hay nada en la transcripción del caso ni en la exposición parcial de la evidencia que nos diga cuál era el contrato que en efecto existía entre las partes . . ." (³) Sin embargo, surge de los autos que los querellantes-apelados eran empleados permanentes de la querellada-apelante y que trabajaron para ésta después de estar en vigor el Decreto Mandatorio núm. 8, cuyo apartado B dispone:

"B.—Salario Mínimo.

"1. Semanal.—Salvo lo dispuesto más adelante en el apartado G, a todo empleado permanente se le pagará un salario semanal a razón de no menos de doce dólares ($12) en la zona primera, diez dólares ($10) en la segunda u ocho dólares ($8) en la tercera, entendiéndose por dichas zonas las que establece el apartado C del presente Decreto.

---

(²) La Ley núm. 10 de noviembre 14 de 1917 fué enmendada por la núm. 13 de 20 de abril de 1932, la núm. 17 de 11 de abril de 1945, la núm. 182 de 12 de mayo de 1948 y la núm. 150 de 1ro. de mayo de 1950.

(³) A pesar de que esto es así existen en este caso circunstancias que podrían justificar la inferencia de que los obreros percibían un salario semanal. Una de ellas es el hecho de que la apelante pagara a estos obreros los días feriados durante el largo período de 4 años o más, .exponiendo como única razón para ello, la negligencia de su Departamento de Contabilidad. Otra de estas circunstancias es el hecho de que contrario a la práctica general, el salario por hora pagado a los querellantes termina en fracciones de centavo. Por ejemplo, a Isauro Melgar se le pagó a razón de 78¾¢ por hora hasta marzo 29 de 1947; de ahí en adelante, 84½¢ por hora hasta agosto 6 de 1947 y de ahí en adelante y hasta que cesó, $1.04¾ por hora. Tal parece que se tomaba el salario semanal y se dividía por la jornada máxima de labor para calcular el tipo de salario por hora a fin de fijar la compensación por horas extras, etc.

"2. Por Hora.—Excepto en los casos que prescribe el apartado G, a todo empleado que no sea permanente se le pagará un salario por hora a razón de no menos de treinta centavos (30¢) en la zona primera, veinticinco centavos (25¢) en la segunda y veinte centavos (20¢) en la tercera."

En vista de las anteriores disposiciones, forzoso es concluir que la apelante venía obligada a pagar un salario mínimo semanal a sus obreros y empleados *permanentes* y no podía, por tanto, pagarles legalmente un salario por hora. En cuanto a este aspecto, las relaciones entre el obrero y el patrono están reglamentadas por el Decreto y cualquier cláusula contractual que viole dichas disposiciones sería ineficaz. *Cf. Micheo* v. *Vallés*, ante pág. 22; *Compañía Popular* v. *Corte*, 63 D.P.R. 121.

▮ El segundo planteamiento de la apelante respecto a la procedencia, como defensa, de su reconvención o compensación, descansa, según lo ha indicado en su alegato, en la premisa de que el contrato de trabajo celebrado entre ella y los apelados, era uno a base de salario por hora y no por semana. Toda vez que hemos resuelto esta cuestión en su contra, la indicada premisa resulta errónea. Esto hace innecesario entrar en los méritos de la defensa de reconvención o compensación.

Con lo dicho dejamos resueltos los puntos principales levantados en este recurso por la apelante. *No habiendo cometido error la corte a quo al dictar la sentencia apelada, ésta será confirmada.*

El Juez Asociado Sr. Belaval no intervino.