El Juez Presidente Sr. Negrón Fernández no intervino.

FERNANDO SIERRA BERDECÍA, SECRETARIO DEL TRABAJO DE PUERTO RICO, en representación y para beneficio de FEDERICO AYALA y 15 obreros más, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, demandado.

Número 2309.

*Reasignado:* 13 de febrero de 1959. *Resuelto:* 10 de septiembre de 1959.

*Domingo Candelario* y *Guillermo Estrella Frasqueri,* abogados del peticionario.

El Juez Asociado Señor Saldaña emitió la opinión del Tribunal.

Acogiéndose al procedimiento especial para reclamación de salarios que señala la Ley núm. 10 de 1917, 32 L.P.R.A. secs. 3101 a 3117, el Secretario del Trabajo formuló una demanda contra el patrono Salvador Rocafort en representación y para beneficio de 16 trabajadores. Alegó que, bajo el Decreto Mandatorio núm. 14 de Salario Mínimo, Rocafort les adeudaba $2,104.15 por concepto de salarios y vacaciones, más una cantidad igual como penalidad o liquidación de daños. Además especificó los salarios devengados, los períodos de labor y las cantidades adeudadas a cada uno de los obreros por los salarios y las vacaciones que el patrono había dejado de pagarles.

El demandado radicó una contestación negando los hechos esenciales de la demanda y simultáneamente notificó a cada uno de los obreros un interrogatorio " . . . para que procedan a contestar el mismo todos y cada uno de ustedes bajo juramento y dentro del término de 15 días, todo ello conforme a lo dispuesto en la Regla 33 de las de Enjuiciamiento Civil . . . " Las preguntas formuladas en dicho interrogatorio eran las siguientes:

"1.—Digan la fecha exacta en que empezaron Uds. a trabajar para el demandado y la fecha en que terminaron su trabajo y de qué trabajan y cuánto ganaban.

"2º—Digan si Uds. han dado autorización escrita o verbal al demandante Fernando Sierra Berdecía para que los represente en esta acción.

"3º—Digan si Uds. han firmado o no documento alguno al demandado en relación con esta reclamación o con su trabajo para con el demandado.

"4º—Digan si Uds. han prestado declaraciones juradas relacionadas con este caso al demandante Fernando Sierra Berdecía y en caso afirmativo dónde están estas declaraciones y sírvanse ponerlas a disposición del demandado.

"5º—Digan si Uds. tienen algún interés en este asunto o si han autorizado la radicación de esta acción contra el demandado

y si han consentido Uds. en que se radique esta acción en su nombre y representación.

"6⁹—Digan dónde residen todos y cada uno de Uds."

Siete días más tarde el Secretario del Trabajo presentó ante el Tribunal Superior, Sala de Humacao, un escrito oponiéndose a todas las preguntas formuladas por los siguientes motivos: (1) "... que el querellante en este caso es el Secretario del Trabajo y no los obreros que él representa, por lo que el referido interrogatorio es improcedente"; y (2) "... que aún en el supuesto que procediera en este caso formular un interrogatorio a los obreros concernidos, las preguntas formuladas en el mismo son improcedentes y (ni) los obreros ni el querellante vendrían obligados a contestarlas." El tribunal a quo desestimó las objeciones y ordenó contestar totalmente el interrogatorio. Expedimos el auto de certiorari a solicitud del demandante para revisar esa resolución y para determinar dos cuestiones que, reducidas a términos escuetos, podrían enunciarse así: (1) ¿Son aplicables las normas procesales sobre interrogatorios escritos a las partes en pleitos seguidos al amparo del procedimiento especial para reclamación de salarios?; y (2) En caso afirmativo, ¿son válidas y procedentes las preguntas que el demandado formuló a tenor con la Regla 33 de Enjuiciamiento Civil?

I.

Para resolver la primera cuestión planteada, hay que tener en cuenta la norma general que establece la sec. 2 de la Ley núm. 10 de 1917, según quedó enmendada por la Ley 182 de 1948. Leyes, pág. 471. Dice así: "En los casos que se tramiten con arreglo a esta ley, se aplicarán las Reglas de Enjuiciamiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de esta ley." 32 L.P.R.A. sec. 3103. El recurrente no nos señala ninguna *disposición específica* del procedimiento especial en materia de reclamación de salarios que sea incompatible o esté en conflicto con la Regla 33, referente a los interrogatorios que pue-

den formularse por escrito a una parte adversa. De hecho, a poco que se analice la citada Ley núm. 10 de 1917, se verá que no existe incompatibilidad alguna entre sus disposiciones y el método de descubrimiento de prueba consignado en la Regla 33, que hoy día corresponde a la Regla 30 de Procedimiento Civil de 1958. Sin embargo, el recurrente arguye que permitir interrogatorios escritos a las partes destruiría el carácter "rápido y sumarísimo" del procedimiento sobre reclamaciones por servicios prestados. Creemos que esta contención está desprovista de méritos.

La experiencia demuestra que un sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Como es sabido, en el procedimiento civil moderno se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir prueba y obtener deposiciones antes del juicio. Nada sorprendente, pues, que todo asunto, hecho o cuestión pertinente al litigio se considere dentro del ámbito del descubrimiento, siempre que no se trate de una materia privilegiada. A ese fin es un tópico señalar que pueden utilizarse varios recursos: tomar deposiciones mediante examen oral o por interrogatorios escritos a cualquier persona (parte o testigo), practicar un examen de cualquier documento u objeto, someter a examen físico o mental a una parte, requerir admisiones sobre la veracidad de hechos o la autenticidad de documentos, exigir a cualquier parte adversa que conteste interrogatorios por escrito, etcétera. Véanse Las Reglas 26–37 de las de Enjuiciamiento Civil de 1943, 32 L.P.R.A. Ap. R. 26–37; Reglas

23–34 de las de Procedimiento Civil de 1958, 32 L.P.R.A. (Supl. Acum. 1958) R. 23–34.

■ Ahora bien, nadie pone en duda que justamente el método más económico, sencillo y rápido para descubrir pruebas es el de los interrogatorios escritos que pueden formularse a las partes de conformidad con la Regla 30 de Procedimiento Civil de 1958. (¹) La investigación cubre un área muy amplia: todas las cuestiones pertinentes que no sean de carácter privilegiado. Véanse *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito,* 73 D.P.R. 451 (1952) ; *Long Corporation*

---

(¹) La anterior Regla 33 decía así: "Una parte litigante podrá notificar y entregar a cualquiera parte adversa interrogatorios por escrito para ser contestados por la parte así notificada o, si ésta fuere una corporación pública o privada o una sociedad o asociación o cuerpo político, por cualquier funcionario de la misma que esté legalmente capacitado para declarar en su nombre. Los interrogatorios serán contestados por separado y totalmente, por escrito y bajo juramento. Las contestaciones serán firmadas por la parte que las diere; y la parte a la cual le fueren notificados y entregados los interrogatorios entregará una copia de las contestaciones a la parte que los hubiere presentado, dentro de los quince días siguientes a la entrega de los mismos, a menos que la corte, mediante moción debidamente notificada y por justa causa, prorrogue o acorte el plazo. Las objeciones a cualesquiera interrogatorios podrán presentarse a la corte dentro de diez días después de la notificación y entrega de los mismos, con notificación como en el caso de una moción; y las contestaciones serán diferidas hasta que las objeciones sean resueltas, lo que se hará dentro del plazo más breve posible. Ninguna parte podrá, sin permiso de la corte, someter más de un cuestionario para ser contestado por la misma parte."

Hoy día la Regla 300 vigente provee lo siguiente:

"Una parte podrá notificar interrogatorios por escrito a cualquier parte adversa para ser contestados por la parte así notificada o, si ésta fuere una corporación pública o privada o una sociedad o asociación, por cualquier funcionario o agente de éstas, quien suministrará aquella información que esté al alcance de la parte. Los interrogatorios podrán ser notificados después del comienzo del pleito y sin permiso del tribunal, excepto que, si la notificación se hiciere por el demandante dentro de los 10 días siguientes al comienzo del pleito, deberá antes obtenerse permiso del tribunal con o sin previa notificación a la parte contraria. Los interrogatorios se contestarán por separado, por escrito y bajo juramento. Las contestaciones se firmarán por la persona que las diere; y la parte a la cual le fueren notificados y entregados los interrogatorios deberá entregar una copia de las contestaciones a la parte que los hubiere sometido, dentro de los 15 días siguientes a su notificación, a menos que el tribunal, mediante moción debidamente notificada y por justa causa, prorrogue o

v. *Tribunal de Distrito*, 72 D.P.R. 32 (1951); *Peña* v. *Sucn. Blondet*, 72 D.P.R. 9 (1951); y *Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 844 (1947). Sin embargo, el tribunal de instancia tiene discreción para limitar el uso de dichos interrogatorios cuando así lo crea conveniente en interés de la justicia. Hay una presunción favorable a la procedencia de los interrogatorios, pero esto no impide rechazarlos o limitarlos si resultan opresivos, onerosos o injustos. A ese respecto el juzgador de instancia tiene asignada en el proceso una misión peculiar y específica que caracteriza toda su función: la de interpretar y aplicar las reglas sobre descubri-

acorte el plazo. Dentro de los 10 días siguientes a la notificación de los interrogatorios una parte podrá notificar por escrito sus objeciones a los mismos. Las contestaciones a los interrogatorios objetados se diferirán hasta que se resuelvan las objeciones.

"Los interrogatorios podrán referirse a cualquier asunto sujeto a ser investigado bajo la Regla 23.2 y las contestaciones pueden ser usadas con igual alcance que el dispuesto por la Regla 23.4 en cuanto al uso de la deposición de una parte. Los interrogatorios podrán requerir como parte de o unida a las contestaciones, una lista de los testigos que la parte interrogada espera utilizar en el juicio, o copias de todas las declaraciones con relación al pleito prestadas anteriormente por la parte interrogante, o copias de todos los escritos, libros, cuentas, cartas o fotografías que no sean de carácter privilegiado y que sean pertinentes a las respuestas requeridas, a menos que se ofrezca una oportunidad para examinarlos y copiarlos. Los interrogatorios se pueden notificar después de haberse tomado una deposición, y gestionarse una deposición después de haberse contestado interrogatorios; pero el tribunal, a moción del deponente o de la parte interrogada, podrá, mediante orden, adoptar las medidas protectoras que en justicia se requiera. No se limitará el número de interrogatorios o de grupos de interrogatorios que pueden ser notificados, excepto según lo requiera la justicia para proteger a una parte de molestias, gastos innecesarios o situaciones embarazosas u opresivas. Las disposiciones de la Regla 27.2 son aplicables para proteger a la parte de quien se solicite contestaciones a interrogatorios de acuerdo con esta regla."

Como se refiere al trámite u ordenación del proceso, sin afectar al derecho material, la Regla 30 tiene carácter retroactivo y se aplica a todos los procedimientos en curso desde que entró en vigencia. De ahí que nuestra decisión en este caso se rija no por la regla vieja ya derogada (regla 33), sino por la regla nueva vigente (regla 30). Véanse *Fuentes* v. *Srio. de Hacienda*, 80 D.P.R. 203 (1958); *Zayas Pizarro* v. *Molina*, 50 D.P.R. 647 (1936); *López* v. *American Railroad Co. of P. R.*, 50 D.P.R. 1 (1936) y *Ojeda* v. *Gavilán*, 46 D.P.R. 399 (1934). Cf. Puig Peña, Tratado de Derecho Civil, Tomo I, vol. 1 (1957) 435–443.

miento de pruebas de modo que garanticen una solución justa, rápida y económica del litigio. Véase *Sucn. Guerra* v. *Sánchez*, 71 D.P.R. 807 (1950). Se explica así—y se justifica también—que las reglas le concedan amplia facultad para dictar todas las providencias que "en justicia sean necesarias" a fin de proteger a las partes o a los testigos contra cualesquiera interrogatorios o deposiciones que causen " . . . molestias, gastos innecesarios, obstáculos u opresión". Reglas 27.2 de Procedimiento Civil de 1958 y 30 (*b*) de Enjuiciamiento Civil de 1943. 32 L.P.R.A. Sup. Acum. 1958, R. 27.2 y 30 (*b*).

Con esto no pretendemos ocultar las dificultades que en la práctica suelen presentarse. A menudo los tribunales han tenido que enfrentarse con intentos de abusar de los procedimientos para descubrir pruebas y tomar deposiciones. Por ejemplo: en pleitos sobre reclamaciones de salarios tramitados ante las cortes federales, los patronos demandados han requerido contestaciones a cientos o miles de empleados demandantes sobre sus turnos de labor, horas de trabajo, períodos de empleo, compensaciones devengadas, faenas específicas realizadas día por día durante años, etcétera. Tratándose de obreros que tenían poca educación, que no llevaban récords, y que cambiaban con frecuencia de tarea, los inconvenientes causados por dichos interrogatorios eran considerables. Si a eso añadimos que los demandados en esos casos tenían en sus propios récords toda la información requerida de los obreros, o podían adquirirla fácilmente mediante una investigación adecuada de un pequeño número de empleados (como índice o muestra utilizable para todos los demás), es fácil concluir que en realidad se pretendía hacer un uso impropio y opresivo de los interrogatorios. Véanse Speck, *The Use of Discovery in United States District Courts*, 60 Yale L. J. 1132 (1951). Cf. *Tactical Use and Abuse of Depositions under the Federal Rules*, 59 Yale L. J. 117 (1949). No obstante, sería un error radical tratar de resolver ese pro-

blema mediante un retroceso al antiguo sistema procesal que exigía formular alegaciones con todos los pormenores de la contienda y celebrar juicios a ciegas en casos de salarios.(²) La única solución consiste en reconocer y aplicar, con mano firme y diestra, la amplia discreción que las propias reglas conceden a los tribunales de instancia respecto al ámbito y al uso de los interrogatorios y deposiciones. Repetimos, las reglas no reducen la función del juez a términos mecánicos o automáticos. Al contrario: " . . . no hay nada obligatorio en las disposiciones sobre descubrimiento . . . el propósito e intención es que su aplicación sea discrecional. . . [Rigiéndose] tanto por lo dispuesto en estatutos y normas del derecho común como por consideraciones derivadas del interés público y las necesidades, conveniencias y ventajas que es preciso estimar según las circunstancias de cada caso específico." *United States* v. *Kohler Co.*, 9 F.R.D. 289 (E.D. Pa. 1949). Como el tribunal debe apreciar o valorar la totalidad de las circunstancias concretas de hecho que se le plantean, su tarea resultará a menudo difícil y delicada. Pero esto no es argumento en contra de la aplicación de la Regla 30 a los casos de salarios. Sólo significa que los jueces de instancia deben estar más alertas en cuanto a los problemas del posible abuso de interrogatorios en casos de salarios y al ejercicio correlativo de sus amplios poderes para evitarlo. Moore, *op. cit*, supra, págs. 1017–1018.

▮▮ En suma, el fin esencial del procedimiento que establece la Ley núm. 10 de 1917, según enmendada, es acelerar en todo lo posible la tramitación y resolución de los pleitos sobre salarios. Ya en 1948 nuestra Asamblea Legislativa manifestó que, en consonancia con ese propósito, las reglas

---

(²) Cf. *Discovery Practice in States Adopting the Federal Rules of Civil Procedure*, 68 Harv. L. Rev. 673 (1955); Millar, *Civil Procedure of the Trial Court in Historical Perspective* (1952) 201–228; 4 Moore, *Federal Practice* (2a ed.) 1019–1028; Vanderbilt, *Minimum Standards of Judicial Administration* (1949) 221–236; y Vanderbilt, *Improving the Administration of Justice—Two Decades of Development*, 26 U. Cin. L. Rev. 155, 234–252 (1957).

de Enjuiciamiento Civil debían aplicarse a esos litigios. Sólo hizo una salvedad: si alguna de dichas reglas está en conflicto con una *disposición específica* de la citada Ley, no se aplicará al procedimiento especial. Por eso, en *Sierra* v. *Bird*, 78 D.P.R. 170 (1955) resolvimos que en un pleito seguido al amparo del procedimiento especial sobre reclamación de salarios son aplicables las Reglas 12 (b) (6), 43 (*e*) y 56 de Enjuiciamiento Civil de 1943, que permiten presentar prueba documental y aun testifical en relación con una moción para desestimar o una moción de sentencia sumaria. Asimismo, en *Cáceres* v. *García*, 71 D.P.R. 406 (1950), declaramos que es aplicable a procedimientos de esta naturaleza lo dispuesto en la Regla 52, que obliga al tribunal de instancia a exponer los hechos que estimare probados y a consignar separadamente sus conclusiones de derecho. Sin duda, existen todavía diversas disposiciones específicas de la Ley núm. 10 de 1917, según enmendada, que se apartan del procedimiento ordinario. Así por ejemplo: (1) Se autoriza al Juez o al Secretario del Tribunal donde ha de verse el caso para que redacte la querella que formule el obrero. *Jaume* v. *Corte*, 61 D.P.R. 168 (1942); (2) No se puede contrademandar a un obrero querellante. *Melgar* v. *P. R. Auto Corporation*, 76 D.P.R. 431 (1954); (3) El tribunal de instancia está obligado a resolver previamente las cuestiones de derecho que le fueren sometidas, antes de empezar a practicarse la prueba. *Pagán* v. *Tribunal de Distrito*, 75 D.P.R. 361 (1953). Pero no hay motivo para pensar que las disposiciones de la Regla 30, sobre interrogatorios escritos a las partes antes del juicio, resulten incompatibles con el fin de crear un procedimiento rápido, sencillo e informal en casos de salarios, sin perjudicar los derechos sustanciales de las partes. Al revés, como hemos indicado antes, facilitan una disposición pronta y justa de los pleitos de salarios. Aplicadas con mesura, permiten obtener evidencia e información sobre hechos o cuestiones esenciales en forma sencilla y económica. Además, aceleran

la celebración de los juicios y contribuyen al mejoramiento de la administración de la justicia.(³)

Por las razones expuestas, fallamos que en los pleitos sobre reclamaciones de salarios seguidos al amparo de la Ley núm. 10 de 1917, son aplicables las normas procesales que establece la Regla 30 de Procedimiento Civil de 1958.(⁴)

## II

██ Queda aún en pie el problema de si es válido y procedente el interrogatorio que formuló el demandado a cada uno de los obreros representados por el Secretario del Trabajo. Antes de examinar una por una las preguntas y las objeciones, conviene advertir de inmediato un hecho esencial: el Secretario del Trabajo compareció como parte demandante en este pleito "en representación y para beneficio" de los 16 obreros a que se refiere la demanda. Su facultad de representarlos surgía de la sec. 25 de la Ley de Salario Mínimo de 1941, según enmendada. 29 L.P.R.A. sec. 236. Decía así: "...En relación con el cumplimiento de esta ley o de cualquier decreto mandatorio, el Secretario del Trabajo podrá demandar, a iniciativa propia, o a instancia de uno o más trabajadores o empleados con interés en el asunto, y en representación y para beneficio de uno o más de los mismos que se encuentren en circunstancias similares, el pago de cualquier suma que se les adeude por salarios, penalidad adicional, costas, gastos y honorarios de abogado..." En su redacción vigente la sec. 30 (*f*) de la Ley de Salario Mínimo se expresa en los mismos términos. Por consiguiente, no es

---

(³) Véanse Vanderbilt, *Improving the Administration of Justice—Two Decades of Development*, 26 U. Cin. L. Rev. 155, 234–252 (1957) ; 4 Moore, *Federal Practice* (2a ed.), págs. 1012–1918, 2257–2346; y 2 Barron & Holtzoff, *Federal Practice and Procedure*, secs. 641–837.

(⁴) Aunque no lo revela la opinión publicada, en *Shell Co. (P.R.) Ltd. v. Tribunal de Distrito*, supra, se trataba de un pleito de salarios seguido al amparo de la Ley núm. 10 de 1917, según enmendada. Dimos por sentado allí que la Regla 33 de Enjuiciamiento Civil era aplicable al caso, pero en verdad dicha cuestión no se planteó ni se resolvió expresamente por este Tribunal.

menester autorización o consentimiento alguno de los obreros que podrían beneficiarse si prospera la acción así promovida. La eficacia de la representación que asumió el Secretario del Trabajo se apoya únicamente en un mandato de la ley, sin que para nada sea necesario el concurso de las personas en cuyo provecho se hace la reclamación. Más aún: si tiene méritos la demanda incoada por el Secretario del Trabajo a favor de un obrero, procede declararla con lugar aunque éste comparezca en el juicio como testigo del patrono demandado y allí manifieste (1) que su patrono nada le debe, y (2) que nunca ha autorizado al Secretario para que le incluya como reclamante en el caso. Cf. *Sierra, Com.* v. *Román*, 73 D.P.R. 308, 311 (1952).

Esto quiere decir que nuestra Ley de Salario Mínimo confiere plena autoridad y dominio al Secretario del Trabajo sobre los incidentes y aspectos del litigio, desde su comienzo hasta el momento en que recaiga sentencia final. Es cierto que el pleito puede redundar en provecho de los obreros. No obstante, en cuanto a los trámites procesales a seguir, la única parte adversa es el Secretario del Trabajo que por ministerio de ley comparece como demandante para reclamar lo que adeuda el patrono. Esta situación es consecuencia inevitable de la política pública que rige en materia de salarios. No se trata sencillamente de proteger los derechos individuales que puedan tener los obreros al amparo de esa legislación social. Lo principal es garantizar el interés público en la observancia de las normas mínimas sobre salarios y otras condiciones de trabajo necesarias para la economía y el bienestar general. Véanse 29 L.P.R.A. sec. 211 y 29 L.P.R.A., Supl. Acum. 1958, sec. 245. Por tanto, los 16 obreros en el pleito de autos no pueden considerarse como "partes adversas" al patrono demandado en la acción promovida por el Secretario para reclamar el pago de la compensación adeudada a ellos por concepto de salarios mínimos, vacaciones y liquidación de daños.

A idéntica conclusión han llegado los tribunales federales, aplicando las disposiciones de la sec. 16 (*c*) de la Ley de Normas Razonables de Trabajo, que autoriza al Secretario del Trabajo de los Estados Unidos a comparecer como demandante en una acción para beneficio de trabajadores a quienes un patrono adeude compensación por salarios mínimos y horas extras. 29 U. S. C. 216 (c). Véanse, entre otros, *Mitchell* v. *Tampa Cigar Co., Inc.*, 36 Labor Cases (C.C.H.) sec. 65,198 (1959); *Mitchell* v. *Richey*, 164 F. Supp. 419 (W.D.S.C., 1958); *Mitchell* v. *Floyd Pappin & Son, Inc.*, 27 Labor Cases (C.C.H.) sec. 69,045 (1955); y *Tobin* v. *Wilson*, 19 Labor Cases (C.C.H.) sec. 66,307 (1951). Esta es la doctrina establecida, a pesar de que la citada sec. 16 (*c*) impone diversas limitaciones que no están contenidas en nuestra ley. *Primero*, exige que los trabajadores presenten una solicitud por escrito para que el Secretario ejerza su autoridad. *Segundo*, no permite al Secretario instar un pleito cuando se plantea en él una cuestión de derecho que no ha sido adjudicada en forma definitiva por los tribunales. *Tercero*, el patrono sólo es responsable de la compensación adeudada por salarios mínimos y horas extras que haya dejado de pagar, sin incluir cantidad alguna por liquidación de daños o por honorarios de abogado. *Cuarto*, al solicitar que el Secretario ejerza su autoridad de demandar bajo la sec. 16 (c), los trabajadores renuncian por lo general al derecho que tienen de demandar personalmente al patrono bajo la sec. 16 (*b*). Véase 3 C.C.H. Labor Law Reporter, 4a ed., secs. 25,901–25,970.

▇▇▇ Ahora bien, de conformidad con lo dispuesto en la anterior Regla 33 y en la Regla 30 vigente, no pueden notificarse interrogatorios escritos a una persona que no es parte en la acción, ni a una parte que no resulta ser "adversa".(⁵)

---

(⁵) Véanse 4 Moore, *op. cit.*, sec. 33.06; *Kestner* v. *Reading Co.*, 21 F.R.D. 303 (E. D. Pa. 1957); *Security Mutual Casualty Co.* v. *Rich*, 20 F.R.D. 112 (W.D. Pa. 1956); *M. V. M., Inc.* v. *St. Paul Fire and Marine Ins. Co.*, 20 F.R.D. 296 (S.D.N.Y. 1957); y 71 Harv. L. Rev. 734 (1958). En New Jersey se ha eliminado el requisito de que la parte sea "adversa".

Como el Secretario del Trabajo es la única parte adversa en este caso, habida cuenta de la facultad de representación que le atribuye la ley, no corresponde a los obreros contestar por sí el interrogatorio. Ellos figuran únicamente como *representados* o *beneficiarios* en la acción que entabló en su nombre el Secretario del Trabajo; por lo cual, si las preguntas formuladas son procedentes, toca a éste contestarlas y a nadie más. Cf. *Peña* v. *Sucn. Blondet,* 72 D.P.R. 9–11 (1951); *Flemming* v. *Goodwin,* 165 F.2d 334 (8th Cir. 1948); *Metropolitan Life Ins. Co.* v. *Carr,* 169 F. Supp. 377 (D. Md. 1959); 4 Moore, *op. cit.,* sec. 3307. Como se ve, el demandado incurrió en error al requerir a cada uno de los obreros, personal e individualmente, que contestaran el interrogatorio. Pero esto constituye un mero error de forma que debió corregirse mediante una orden del tribunal de instancia. Ni siquiera era necesaria una nueva notificación del interrogatorio, pues en este caso el requerimiento se hizo a través de los abogados del Departamento del Trabajo. Además, como ocurre siempre que una persona entabla cualquier demanda en nombre de otra a quien tiene derecho de representar en juicio, el Secretario del Trabajo no puede limitar sus contestaciones al conocimiento personal de los hechos o cuestiones a que se contrae el interrogatorio. Tiene que hacer todas las pesquisas e investigaciones necesarias para responder a las preguntas que sean procedentes. Si no puede conseguir la información

Así se facilita el descubrimiento mediante interrogatorios escritos, sin necesidad de recurrir a tomar deposiciones. N. J. Rules 4: 23–1; *Discovery Practice in States Adopting the Federal Rules of Civil Procedure,* 68 Harv. L. Rev. 673, 676 (1955).

Adviértase que esas limitaciones de la Regla 30 no se aplican a las deposiciones, bien sea mediante examen oral (Regla 27) o mediante interrogatorios escritos (Regla 28). Respecto a dichas deposiciones antes del juicio, explícitamente se dispone que " ... cualquier parte podrá tomar el testimonio *de cualquier persona, incluso el de una parte,* mediante deposición en forma de examen oral o de interrogatorios por escrito ... ". (Bastardillas nuestras.) Regla 23.1 de Procedimiento Civil, 32 L.P.R.A., Sup. Acum. 1958, Ap. R. 23.1 Cf. *Smith* v. *Morrison-Knudsen Co.,* 22 F.R.D. 108 (S.D. N.Y. 1958) y 4 Moore, *op. cit.,* sec. 26.07.

requerida, deberá hacerlo constar así bajo juramento en su contestación. Pero será menester que explique todos los esfuerzos y diligencias que ha realizado para obtener dicha información, a fin de demostrar que realmente la misma está fuera de su alcance. (⁶)

Con esto ya estamos en posición de resolver el último aspecto del caso. ¿Es procedente el interrogatorio que formuló el demandado? Consiste de seis preguntas que hemos transcrito más arriba. Originalmente la única objeción que el Secretario del Trabajo notificó por escrito al demandado fué de carácter general: a saber, que " . . . las preguntas formuladas son improcedentes y [ni] los obreros ni el querellante vendrían obligados a contestarlas." Huelga decir que esta objeción de por sí es insuficiente. Para impugnar interrogatorios es imprescindible exponer objeciones en forma precisa y específica, ya que (1) el tribunal tiene que resolver si las mismas son válidas confrontándolas con los interrogatorios, y (2) la carga de la persuasión en cuanto a la validez de las objeciones recae sobre la parte objetante. (⁷) Además la

---

(⁶) Cf. *United States* v. *42 Jars, More or Less, of Bee Royale Capsules*, 1 F.R. Serv. 2d 33.325 (3d Cir. 1959); *Erone Corp.* v. *Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y. 1958); *Cleminshaw* v. *Beech Aircraft Corp.*, 21 F.R.D. 300 (D. Del. 1957); *Security Mutual Casualty Co.* v. *Rich*, 20 F.R.D. 112 (W.D. Pa. 1956); *Siegel* v. *Yates*, 11 F.R.D. 129 (S.D.N.Y., 1951); 4 Moore, *op. cit.*, secs. 33.07, 33.20 y 33.26; y 2 Barron y Holtzoff, *Federal Practice and Procedure (rules edition)* secs. 768 y 774.

(⁷) La especificación necesaria, claro está, es cuestión de grado. Pero no son bastante específicas, entre otras, las siguientes objeciones: que los interrogatorios resultarían irrazonables, opresivos y agobiantes; que exigirían a la parte investigar y recopilar información sin utilidad práctica; que solicitan información tan fácilmente accesible a la parte interrogante como a la parte que objeta; etcétera. Véanse *Erone Corp.* v. *Skouras Theatres Corp.*, 22 F.R.D. 494 (S.D.N.Y., 1958); *Commercial Union* v. *N. Y. and Cuba Mail S. S. Co.*, 24 F.R. Serv. 33.514 (S.D.N.Y., 1957); *Kensington Village, Inc.* v. *Mengel Co.*, 14 F.R.D. 187 (S.D.N.Y., 1953); *Pappas* v. *Loew's Inc.*, 13 F.R.D. 471 (M.D. Pa., 1953); *Caldwell-Clements, Inc.* v. *McGraw-Hill Pub. Co.*, 12 F.R.D. 531 (S.D.N.Y., 1952); *Hoffman* v. *Wilson Line, Inc.*, 7 F.R.D. 73 (E.D. Pa. 1946); y *Bowles* v. *Safeway Stores, Inc.*, 4 F.R.D. 469 (W.D. Mo. 1945). Cf. 4 Moore, *op. cit.*, sec. 33.27.

regla 30 exige notificarlas por escrito dentro de los diez días siguientes a la entrega de los interrogatorios. Por eso, cuando una parte no presenta sus objeciones en la forma y dentro del término que acabamos de indicar, se entiende que renuncia a plantearlas más adelante. Pero el tribunal de instancia siempre retiene discreción para relevar de los efectos de una renuncia implícita a la parte interrogada, si ésta logra demostrar que en realidad su actuación se debió a error, inadvertencia o negligencia excusables.[8] Aquí el Tribunal Superior, durante la vista que se celebró para considerar la "Moción de Oposición al Interrogatorio", permitió al Secretario del Trabajo exponer otras objeciones, que son de carácter específico, contra el interrogatorio del demandado. Y luego de oirle, las declaró sin lugar. Evidentemente el tribunal a quo relevó al demandante de su renuncia y debe presumirse que lo hizo por causa justificada. Nada hay en los autos que demuestre lo contrario. Así pues, en este recurso debemos considerar dichas objeciones específicas del Secretario del Trabajo. Son en resumen las siguientes: (1) que la primera pregunta " ... aparece contestada bajo la co-

---

[8] Véanse *Cleminshaw* v. *Beech Aircraft Corp.*, 21 F.R.D. 300 (D. Del. 1957) ; *International Fertilizer & Chemical Corp.* v. *Lloyd Brasileiro*, 21 F.R.D. 193 (S.D.N.Y. 1957) ; *Bohlin* v. *Brass Rail, Inc.*, 20 F.R.D. 224 (S.D.N.Y. 1957) ; *Cary* v. *Hardy*, 1 F.R.D. 355 (E.D. Tenn. 1940). Algunos tribunales reconocen una excepción categórica a la regla de renuncia: "los asuntos que están claramente fuera del ámbito del descubrimiento antes del juicio", como las comunicaciones privilegiadas y el producto del trabajo del abogado según la regla de *Hickman* v. *Taylor*, 329 U.S. 495. Obviamente esa excepción debilita la sanción necesaria para hacer que se cumpla a cabalidad con lo dispuesto en la Regla 30. Otros tribunales han sentado la doctrina de que no existe excepción categórica a la regla de renuncia, pero que si una materia está "palpablemente fuera del ámbito de la averiguación preliminar", corresponde al juzgador de instancia determinar a discreción si procede aplicar la regla sobre renuncia implícita. Una tercera doctrina consiste en descartar por completo la excepción relativa a los asuntos que están claramente fuera del alcance del descubrimiento. No anticipamos ahora criterio sobre este problema. Cf. *Mengle* v. *Tucker*, 21 F.R.D. 187 (E.D. Pa. 1957) ; 72 Harv. L. Rev. 560 (1959) ; y Rosenberg, *Sanctions to Effectuate Pretrial Discovery*, 58. Colum. L. Rev. 480 (1958).

lumna titulada 'Fecha de la Nómina' en el Exhibit A que se unió e hizo formar parte de la querella"; (2) que las preguntas segunda y quinta tienen el propósito " . . . de saber si los obreros reclamantes han autorizado al Secretario del Trabajo a establecer acción judicial, y ya [se] ha resuelto que tal autorización es innecesaria"; (3) que la tercera pregunta " . . . carece de méritos ya que es inmaterial el que los obreros reclamantes hayan firmado o no documento alguno al demandado en relación con la reclamación, toda vez que para establecer la misma no se requiere que firmen tales documentos"; y (4) que las declaraciones juradas a que se refiere la cuarta pregunta forman parte " . . . del expediente administrativo, privado y altamente confidencial del caso, y el Secretario del Trabajo no vendría obligado a exhibir dicho expediente al demandado".

En grado de apelación o revisión, nuestra función se limita a resolver si el Tribunal Superior abusó de su discreción al rechazar esas objeciones y ordenar que se contestaran todas las preguntas del interrogatorio. No nos toca determinar la procedencia del descubrimiento como si fuéramos un tribunal de primera instancia. Aunque no está exenta de la posibilidad de toda revisión, si la actuación del tribunal a quo no está desprovista de base razonable ni perjudica los derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso.(⁹) Por otro lado, la averiguación de datos o pruebas mediante interrogatorios escritos a una parte se extiende a " . . . cualquier asunto no privilegiado que fuere pertinente a la cuestión envuelta en el pleito pendiente." 32 L.P.R.A., Sup Acum. 1958, Ap. R. 23.2 y 30. El término "privilegiado" se refiere exclusivamente a los privilegios que reconocen las reglas de evidencia. *United*

(⁹) Véanse *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito*, 73 D.P.R. 451 (1952); *Tiedman* v. *American Pigment Corp.*, 253 F.2d 803 (4th Cir. 1958); *Newell* v. *Phillips Petroleum Co.*, 144 F.2d 338 (10th Cir. 1944); Barron y Holtzoff, *op. cit.*, sec. 803; y 4 Moore, *op. cit.*, sec. 33.27.

*States* v. *Reynolds*, 345 U.S. 1, 6 (1953). Y el criterio de la "pertinencia" es aquí muy amplio. Incluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones.([10]) Habida cuenta de esas normas generales, examinemos las seis preguntas formuladas, confrontándolas con las correspondientes objeciones.

 *Pregunta Núm. 1:* Solicita información sobre la duración del empleo, la naturaleza de los servicios y la compensación de cada trabajador. El Secretario del Trabajo alega que en la demanda (incluyendo su exhibit A) suministró la información requerida. Creemos que debe sostenerse la resolución del tribunal a quo ordenando contestar dicha pregunta. A esa conclusión se llega aplicando lo que dijimos en *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito, supra:* "... los interrogatorios pueden usarse no solamente para obtener información, si que también para obtener 'admisiones... Una parte algunas veces negará hechos en una contestación, los cuales tendrá que admitir cuando se le acose con interrogatorios específicos. El demandante, por tanto, tenía derecho a someter interrogatorios a la demandada en

---

([10]) Los interrogatorios se refieren a "materia pertinente" cuando solicitan información sobre los siguientes extremos: (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. Esta no es una enumeración exhaustiva de lo que constituye un "asunto pertinente"; pero sirve para ilustrar la amplitud del concepto. Además, cualquier duda en cuanto a la pertinencia de la investigación debe resolverse a favor del interrogante. Véanse *Shell Co. (P. R. Ltd.* v. *Tribunal de Distrito, supra; Hickman* v. *Taylor,* 329 U.S. 495 (1947); *Engl* v. *Aetna Life Ins. Co.,* 139 F. 2d 469 (2d Cir. 1943); *Erone Corp.* v. *Skouras Theatres Corp.,* 22 F.R.D. 494 (S.D.N.Y. 1958); *Broadway & Ninety-Sixth St. Realty Co.* v. *Loew's Inc.,* 21 F.R.D. 347 (S.D.N.Y. 1958); 4 Moore, *op. cit.,* secs. 26.15–26.25 y 33.10–33.22.

cuanto a sus horas de trabajo y paga recibida, aun cuando la demandada alegue que ha incorporado tal información en su contestación." (Pág. 470) Desde luego, la regla no puede ser distinta cuando se trata, como en este caso, de hechos que están alegados en la demanda. Además no se causa ningún daño al demandante al exigirle que conteste la pregunta. Su respuesta sería tan fácil y sencilla que no puede haber posibilidad de molestia ni de opresión. Véanse *Baker* v. *Procter & Gamble*, 17 F.R. Serv. 30 b.352 (caso núm. 1) (S.D.N.Y., 1952) y *Treasure Imports, Inc.* v. *Henry Admur & Sons, Inc.*, 1 F.R. Serv. 36 a.22 (caso núm. 2) (S.D.N.Y., 1939). No quiere esto decir que los tribunales de instancia no puedan en algunas ocasiones denegar interrogatorios sobre hechos admitidos en las alegaciones. Cf. *O'Rourke* v. *R.R.O. Radio Corp.*, 27 F. Supp. 996 (D. Mass. 1939) y *Richards* v. *Maine Central Railroad*, 21 F.R.D. 595 (D. Maine, 1957).

*Preguntas Núms. 2 y 5:* Ambas solicitan que se informe si los obreros autorizaron al Secretario del Trabajo, por escrito o verbalmente, para que radicara esta acción en su nombre y representación. El demandado también quiere saber si los obreros " ... tienen algún interés en este asunto ... ". La oposición del demandante se basa en que las preguntas son impertinentes porque ya se ha resuelto que es innecesaria tal autorización. En realidad lo que el demandante alega es que la defensa de falta de autorización o interés sería impertinente, pero esto no quiere decir que las interrogaciones sean ajenas a la materia que es objeto del pleito. En efecto, las contestaciones podrían revelar hechos o hacer admisiones sobre las circunstancias que rodearon la iniciación del pleito. Estos hechos o admisiones quizás resulten pertinentes para impugnar la credibilidad de los testigos en el juicio, sobre todo en vista de la posibilidad de que los obreros reclamantes sean llamados a declarar. Y en todo caso, las contestaciones podrían servirle al demandado para determinar si debe tomar deposiciones, mediante examen oral o

interrogatorios escritos, a los obreros envueltos en esta acción. No procede rechazar interrogatorios por el mero hecho de que la investigación se refiera a una reclamación o a una defensa que legalmente carecería de méritos, si la averiguación no es fútil ni absurda, y por el contrario, puede resultar de provecho para el interrogante. Véase *Love* v. *Metropolitan Life Ins. Co.*, 8 F.R.D. 583 (E.D. Pa. 1948). Y como no se trata aquí de interrogatorios onerosos u opresivos, es imposible decir que el tribunal de instancia abusó de su discreción al ordenar que se contestaran las preguntas núms. 2 y 5.

[20] *Pregunta Núm. 3:* Pide a cada obrero que diga si firmó algún documento *"al demandado"* en relación con su reclamación o su trabajo. Se aduce que no es pertinente porque " ... para establecer [la reclamación] no se requiere que [los obreros] firmen tales documentos." Esta objeción carece de todo sentido. A ojos vistas, el demandado intenta obtener una admisión respecto a la existencia y autenticidad de un documento relacionado con la materia a que se contrae el pleito. ¿Cómo podría negarse que la interrogación es pertinente? En ningún modo se trata de resolver en esta etapa del proceso si, a base del contenido de ese documento, el demandado tiene o no una defensa válida. La que sugiere el demandante al objetar la pregunta es absurda. Tampoco sería eficaz como renuncia o transacción de la reclamación. Pero basta que pueda servir para contrainterrogar o tachar a los testigos, si los reclamantes son llamados a declarar en el juicio, o para probar "admisiones" de los obreros que el juzgador deberá considerar junto con la demás evidencia. Véanse *Independent Prod. Corp.* v. *Loew's Inc.*, 25 F.R. Serv. 26 b.31 (caso 2) (S.D.N.Y. 1958) ; *McNenar* v. *New York, Chicago & St. Louis R.Co.*, 20 F.R.D. 598 (W.D. Pa. 1957) ; 4 Moore, op. cit., sec. 26.16. Si el documento no existe, la respuesta a la interrogación será negativa y eso pone fin a toda la cuestión. Así pues, la resolución del tribunal a quo en cuanto a la pregunta núm. 3 es correcta.

 *Pregunta Núm. 4:* Requiere a los obreros que informen si han prestado declaraciones juradas sobre el caso a solicitud del Secretario del Trabajo. Además, en caso afirmativo, el demandado solicita (1) que indiquen dónde están dichas declaraciones, y (2) que se sirvan ponerlas a su disposición. La objeción esencial que formula el demandante es la siguiente: " . . . de existir tales declaraciones las mismas formarían parte del expediente administrativo, privado y altamente confidencial del caso, y el Secretario del Trabajo no vendría obligado a exhibir dicho expediente al demandado." En otros términos, si en el curso de la investigación administrativa practicada por funcionarios del Departamento del Trabajo los obreros prestaron declaraciones juradas, y éstas forman parte del expediente oficial de esa investigación, se reclama el privilegio de no revelar al demandado información alguna sobre su existencia o contenido. La tesis es, pues, ésta: que para el llamado "expediente oficial de la investigación administrativa" existe una norma de secretividad por lo menos tan amplia como la que se aplica al sumario de la investigación preliminar practicada por el fiscal en una causa criminal. Cf. *Pueblo* v. *Tribunal Superior*, 80 D.P.R. 702 (1958) y los casos allí citados en el escolio núm. 2. ¿Existe alguna base jurídica para esa contención del demandante? Resolvemos que no. Sólo un uso desmedido de palabras equívocas, que por eso justamente hay que usar con mucho tacto, permite atribuir a la investigación administrativa de un caso de salarios el mismo *"carácter secreto y privado"* que por ley tiene la investigación fiscal. Lejos de ello, el Secretario del Trabajo comparece en esta acción como parte demandante y tiene de necesidad que cumplir con las disposiciones de las Reglas de Procedimiento Civil sobre descubrimiento " . . . con relación a cualquier asunto, no privilegiado, que fuere pertinente . . . " Dichas disposiciones se aplican al Estado en cualquier pleito civil donde comparezca como parte demandante o como parte demandada. Véase 4 Moore, *op. cit.*, secs.

26.05 y 26.25. Claro está, tanto el gobierno como los ciudadanos privados pueden invocar todos los privilegios que establecen las normas de evidencia. Pero es indudable que en un pleito civil ni el gobierno ni los funcionarios públicos tienen un privilegio general de no revelar información de carácter oficial. Sí pueden invocar privilegios específicos, que de ordinario no están al alcance de litigantes privados, relativos a: (1) comunicaciones dirigidas a un funcionario público bajo reserva oficial, si la divulgación habría de resultar en perjuicio de los intereses públicos. Art. 40 de la Ley de Evidencia, 32 L.P.R.A. sec. 1734; (2) información secreta que afecte la seguridad pública del estado; (3) comunicaciones hechas a un gran jurado, ya sea por un querellante o por un testigo; (4) información sobre la identidad de personas que han suministrado pruebas tendientes a descubrir la violación de una ley. Véanse *United States* v. *Procter & Gamble Co.*, 356 U.S. 677 (1958); *Roviaro* v. *United States*, 353 U.S. 53 (1957); *United States* v. *Reynolds*, 345 U.S. 1 (1953); *Mitchell* v. *Roma*, 265 F.2d 633 (3d Cir. 1959; *Mitchell* v. *Bass*, 252 F.2d 513 (8th Cir. 1958); MacAsbill y Snell, *Scope of Discovery Against the United States*, 7 Vanderbilt L. Rev. 582 (1954); *Remedies Against the United States and Its Officials*, 70 Harv. L. Rev. 827, 934–38 (1957); Berger y Krash, *Government Immunity From Discovery*, 59 Yale L.J. 1451 (1950); 4 Moore, *op. cit.*, secs. 26.06 y 26.25. Aquí no hay alegaciones ni pruebas que permitan reclamar uno de esos privilegios específicos como fundamento para negarse a contestar la pregunta núm. 4.

◼◼◼◼◼ Adviértase que la Regla 30 vigente permite solicitar en un interrogatorio "...*copias* de todos los escritos, libros, cuentas, cartas o fotografías que no sean de carácter privilegiado y que sean pertinentes a las respuestas requeridas a menos que se ofrezca una oportunidad para examinarlos y copiarlos." (Bastardillas nuestras.) Así pues, se modificó la anterior Regla 33 para resolver lo que constituía un con-

flicto irreconciliable entre las decisiones judiciales. En efecto, los tribunales federales nunca lograron ponerse de acuerdo sobre cuál de las siguientes doctrinas debía aplicarse: (1) La inspección de documentos sólo puede llevarse a cabo al amparo de la Regla Federal núm. 34 que exige como condición previa la demostración de "justa causa". *Alltmont* v. *United States*, 177 F.2d 971 (3d Cir. 1949); *Webster Motor Car Co.* v. *Packard Motor Car Co.*, 16 F.R.D. 350 (D.D.C. 1954); *Du Pont de Nemours & Co.* v. *Phillips Petroleum Co.*, 23 F.R.D. 237 (D. Del. 1959); (2) En relación con un interrogatorio al amparo de la Regla Federal núm. 33, puede requerirse la entrega de *copias* de las declaraciones prestadas por testigos, aunque no procede solicitar los originales de dichos documentos. *De Bruce* v. *Pennsylvania R. Co.*, 6 F.R.D. 403 (E.D. Pa. 1947); *O'Neill* v. *United States*, 79 F. Supp. 827 (E.D. Pa. 1948); *Hayman* v. *Pullman Co.*, 8 F.R.D. 238 (N.D. Ohio 1948); (3) Juntamente con un interrogatorio puede requerirse a la parte interrogada que entregue copias de ciertos documentos, si se demuestra la "justa causa" que para la inspección de documentos exige la Regla Federal núm. 34. *Hesch* v. *Erie R. Co.*, 14 F.R.D. 518 (N.D. Ohio 1952); *Maddox* v. *Wright*, 11 F.R.D. 170 (D.D.C. 1951); *Alfred Pearson & Co.* v. *Hayes*, 9 F.R.D. 210 (S.D.N.Y. 1949). Además la Regla 31 de Procedimiento Civil de 1958 elimina el requisito de "justa causa" como condición previa para una solicitud de inspección de documentos, aun cuando se desea examinar, copiar o fotografiar *el original de un documento*. En este último caso la Regla 31 sólo exige una orden del tribunal especificando la fecha, lugar y modo en que se hará la inspección. Pero si se solicitan "*copias*" de declaraciones juradas (como ocurre en este caso) bajo la regla sobre interrogatorios, no es necesario demostrar "justa causa" ni obtener una orden del tribunal para que proceda suministrarlas, siempre que sean pertinentes y se refieran a materia que no sea privilegiada. Claro está, según

dispone expresamente la Regla 30 vigente, el Secretario del Trabajo puede entregar copias de las declaraciones juradas o permitir al demandado que examine y copie las mismas.

No hay duda que la eliminación del requisito de justa causa para la inspección de documentos en la Regla 31 no alteró las limitaciones consignadas en el caso de *Hickman* (329 U.S. 495) que son aplicables a todo descubrimiento relativo a la labor de los abogados en anticipación del litigio o en preparación del juicio. Véase Advisory Committee, *Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the U. S. District Courts*, (1954) 27-32; y Tolman, *Discovery Under the Federal Rules: Production of Documents and the Work-Product of the Lawyer*, 58 Colum. L. Rev. 498 (1958). Pero la parte interrogante no tiene que hacer una demostración previa de justa causa, aunque el interrogatorio se refiera al "producto de la labor del abogado". Toca hoy día a la parte interrogada alegar y probar que no es justo ni necesario obligarle a revelar el fruto del trabajo que sus abogados han llevado a cabo en anticipación del pleito o de la vista del juicio. Cf. Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the U.S. District Courts*, 18 F. R.D. 105 (1956). Como el Secretario del Trabajo ni siquiera suscitó ante el Tribunal Superior la cuestión de que las declaraciones juradas formaban parte del "producto de la labor de sus abogados", es forzoso concluir que renunció a plantear esa objeción. Obviamente, no podría suscitarla por primera vez en este recurso de revisión: en los autos no hay prueba sobre ese punto y nuestra función se limita a resolver si el Tribunal Superior abusó de su discreción al ordenar que se contestara la pregunta núm. 4.

*Debe modificarse la resolución del Tribunal Superior en el sentido de (1) proveer que corresponde al Secretario del Trabajo contestar todas las preguntas incluídas en el interrogatorio; y (2) conceder al Secretario del Trabajo, en cuanto a*

*las declaraciones juradas mencionadas en la pregunta núm. 4, la alternativa de entregar copias de las mismas al demandado o de permitir que éste las examine y copie. Con la resolución así modificada, se devuelve el caso al tribunal de instancia para ulteriores procedimientos.*

El Juez Presidente Sr. Negrón Fernández no intervino.