ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ RAMOS BERMÚDEZ<br><br>Apelante<br><br>v.<br><br>TRIPLE S PROPIEDAD; SUPERMERCADOS MÁXIMO, INC.; PONCE ICE, CORP.; ASEGURADORAS 1-10; B.V. PROPERTIES, INC.; CORPORACIONES 1-9; DEMANDADOS DESCONOCIDOS 1-10<br><br>Apelada | KLAN202400540 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV04112<br><br>Sobre: Daños y Perjuicios Caída |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparece José Ramos Bermúdez (en adelante, señor Ramos Bermúdez o parte apelante) mediante un recurso de *Apelación* para solicitarnos la revisión de la *Sentencia Parcial* emitida y notificada, el 5 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI).[1] Mediante la *Sentencia Apelada*, el foro primario desestimó la acción de epígrafe en cuanto a Ponce Ice Manufacturing, LLC (en adelante, Ponce Ice o parte apelada).

Por los fundamentos que expondremos, se *revoca* la *Sentencia Parcial* apelada.

I

El 1 de diciembre de 2023, la parte aquí apelante, presentó una *Demanda* sobre daños y perjuicios en contra de Supermercados

---

[1] Apéndice del recurso, a las págs. 1-4.

Número Identificador

SEN2024_____

Máximo, Inc. (en adelante, Supermercado o Supermax) y su compañía aseguradora, Triple S Propiedad.[2] Alegó que, el 28 de febrero de 2023, mientras estaba visitando las instalaciones del Supermax de Cidra, sufrió una caída, presuntamente, a consecuencia de un líquido derramado en el suelo. Afirmó que, a resultado de la misma, afrontó daños físicos, mentales y emocionales, los cuales ascendían a más de setenta y cinco mil dólares ($75,000.00).

El 18 de enero de 2024, Supermax contestó la *Demanda.* En el escrito, negó que el señor Ramos Bermúdez hubiese caído en las instalaciones del Supermercado.[3] Indicó que, cuando ocurrió el aludido accidente, el apelante se encontraba en un pasillo del Berrios Shopping Center el cual quedaba frente a Supermax. A su vez, detalló que el aludido accidente se debió a un charco de agua que provenía de una nevera de hielo la cual era propiedad de Ponce Ice. Afirmó que no tenía el control ni le daba mantenimiento al pasillo en el cual, alegadamente, sucedió la referida caída. Asimismo, indicó que no era dueño de la nevera de la cual, presuntamente, provino el aludido charco, como tampoco tenía el control o le daba mantenimiento a la misma.

En reacción, el 19 de enero de 2024, el señor Ramos Bermúdez instó una *Solicitud de enmienda a la demanda para sustituir parte.[4]* En la misma, peticionó sustituir a las partes desconocidas que denominó Compañía X y Corporaciones 10 por Ponce Ice y B.V. Properties, Inc. (en adelante, B.V. Properties).

Ese mismo día, el señor Ramos Bermúdez presentó una *Demanda Enmendada* en la cual añadió a Ponce Ice y B.V. Properties como partes demandadas.[5] Las alegaciones de la *Demanda*

---

[2] Apéndice del recurso, a las págs. 17-22.
[3] *Íd.,* a las págs. 23-27.
[4] *Íd.,* a las págs. 28-29.
[5] *Íd.,* a las págs. 30-35.

*Enmendada* permanecieron idénticas a las de la *Demanda* original. Ahora bien, el señor Ramos Bermúdez añadió al escrito que Ponce Ice debía responder por los daños reclamados ". . . al ser administrador, dueño y/o encargado del mantenimiento, **del objeto y/o lugar donde se causó el accidente** y/o del personal que allí labora".[6] Asimismo, subrayó que, B.V. Properties era responsable de los aludidos daños, ". . . al ser administrador, dueño y/o encargado **del mantenimiento y/o lugar donde se causó el accidente** y/o del personal que allí labora".[7]

Evaluado lo anterior, el 19 de enero de 2024, notificada el 22 del mismo mes y año, el tribunal de instancia declaró *Ha Lugar* la sustitución de parte.[8]

Así las cosas, el 21 de marzo de 2024, B.V. Properties presentó su contestación a la *Demanda Enmendada.*[9] Esencialmente, alegó que no tenía el control ni daba mantenimiento a la máquina de hielo ubicada en el pasillo del centro comercial que, presuntamente, ocasionó el accidente que nos ocupa. Al amparo de lo anterior, sostuvo que los daños reclamados eran resultado de actos de terceros, por lo que no estaba obligada a responder por los mismos.

Por su parte, el 27 de marzo de 2024, Ponce Ice instó una *Moción solicitando desestimación parcial.*[10] En la misma, planteó que de los hechos relatados en la *Demanda Enmendada* no surgía ninguna alegación que le imputara responsabilidad por la caída sufrida por el señor Ramos Bermúdez. Así, pues, razonó que, en virtud de la Regla 10.2 de Procedimiento Civil[11], la acción en su contra debía desestimarse con perjuicio, dado a que el antedicho

---

[6] Apéndice del recurso, a la pág. 31. (Énfasis nuestro).
[7] *Íd.*, a la pág. 32. (Énfasis nuestro).
[8] *Íd.*, a la pág. 36.
[9] *Íd.*, a las págs. 37-39.
[10] *Íd.*, a las págs. 40-47.
[11] 32 LPRA Ap. III, R. 10.1

pliego carecía de una reclamación que justificara la concesión de un remedio.

El 1 de abril de 2024, el señor Ramos Bermúdez se opuso a la desestimación.[12] En el escrito, afirmó que en su *Demanda Enmendada* incluyó alegaciones contra Ponce Ice. Específicamente, detalló que, en el aludido petitorio, indicó que la referida parte respondía por los daños reclamados por ser la dueña del objeto que causó el accidente. Por otra parte, reseñó que la Regla 6.1 de Procedimiento Civil,[13] exige, únicamente, una relación sucinta y sencilla de los hechos que demuestren que la parte promovente tiene derecho a un remedio. En virtud de ello, le peticionó al tribunal de instancia que declarara sin lugar la desestimación.

Examinadas las posturas de las partes, el 5 de abril de 2024, el foro apelado emitió la *Sentencia Parcial* que nos ocupa.[14] Mediante el referido dictamen, desestimó la presente acción en cuanto a Ponce Ice. Enfatizó que el señor Ramos Bermúdez mantuvo las mismas alegaciones en su *Demanda Enmendada* que formuló en su *Demanda* original. Particularmente, detalló que, en ambos escritos, el señor Ramos Bermúdez simplemente planteó que, en las instalaciones del Supermax de Cidra, ocurrió un accidente a consecuencia de un líquido en el suelo; sin embargo, no indicó de donde provenía el líquido, por lo que no se estableció un nexo causal entre la causa y los daños reclamados. A tales efectos, el tribunal de instancia concluyó que no se formuló ninguna alegación específica en contra de Ponce Ice, de modo que no se podían conceder los remedios solicitados.

Inconforme, el 22 de abril de 2024, el señor Ramos Bermúdez le suplicó al foro primario que reconsiderara su determinación. [15] En

---

[12] Apéndice del recurso, a las págs. 48-49.
[13] 32 LPRA Ap. III, R. 6.1.
[14] Apéndice del recurso, a las págs. 1-6.
[15] *Íd.,* a las págs. 7-15.

el escrito, subrayó que Ponce Ice fue traída al pleito, primordialmente, por las alegaciones de Supermax en su contestación a la demanda, sobre las cuales aún no se tenía certeza de su veracidad. Por ello, solamente alegó en su *Demanda Enmendada* que Ponce Ice podría ser responsable de los daños sufridos por ser dueña y/o encargada del objeto que pudo haber producido el líquido que ocasionó la caída. Además, aseveró que las alegaciones incluidas en una demanda se debían interpretar liberalmente y de la manera más favorable para la parte demandante, por lo que sería contrario a derecho desestimar con perjuicio la presente acción.

El 3 de mayo de 2024, Ponce Ice se opuso a la reconsideración.[16] Particularmente, reseñó que el señor Ramos Bermúdez expresó en su escrito de reconsideración que su reclamo principal era por el líquido que había en el suelo y no de donde provenía el mismo. En virtud de lo anterior, sostuvo que las expresiones del señor Ramos Bermúdez demostraron que no existía una reclamación contra Ponce Ice, por lo que se debía declarar sin lugar la reconsideración

Examinados los anteriores escritos, el 6 de mayo de 2024, el foro primario declaró *No Ha Lugar* la reconsideración.[17]

En desacuerdo, el 3 de junio de 2024, el señor Ramos Bermudez compareció ante nos, mediante un recurso de *Apelación,* en el cual señaló la comisión de los siguientes tres (3) errores:

**PRIMER SEÑALAMIENTO DE ERROR**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA RECLAMACIÓN, A PESAR DE QUE LA DEMANDA ENMENDADA CUMPLE CON LA REGLA 6.1 DE PROCEDIMIENTO CIVIL EN CUANTO A QUE LAS ALEGACIONES CONTENIDAS CONTRA PONCE ICE CONTIENEN UNA RELACIÓN SUCINTA Y SENCILLA DE LOS HECHOS DEMOSTRATIVOS.**

---

[16] Apéndice del recurso, a las págs. 50-52.
[17] *Íd.*, a la pág. 16.

**SEGUNDO SEÑALAMIENTO DE ERROR**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR CON PERJUICIO LA DEMANDA A PESAR DE QUE LA MISMA ERA SUSCEPTIBLE DE SER ENMENDADA DEL FORO ENTENDERLO NECESARIO.**

**TERCER SEÑALAMIENTO DE ERROR**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE DICHA DESESTIMACIÓN SERÍA UNA CON PERJUICIO, PUES ESTA CONSTITUYE LA SANCIÓN MAS SEVERA EXISTIENDO UNA POLÍTICA PÚBLICA JUDICIAL INCLINADA A FAVORECER QUE LOS CASOS SE VENTILEN EN SUS MÉRITOS.**

Por su parte, el 3 de julio de 2023, la parte apelada presentó *Alegato en Oposición a Apelación.* Con el beneficio de la comparecencia de las partes, procederemos a exponer el derecho aplicable.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de Procedimiento Civil,[18] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[19] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[20]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.

---

[18] 32 LPRA Ap. V, R. 52.2 (a).
[19] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA,* 106 DPR 357, 360 (1977).
[20] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).

[…].[21]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[22] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[23] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso y si abusaron de su discreción.[24] El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[25] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[26] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[27]

### B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[28] La moción de desestimación al amparo de esta regla es una defensa especial que

---

[21] 4 LPRA Ap. XXII-B, R. 13 (A).
[22] 32 LPRA Ap. V, R. 47.
[23] *Íd.*
[24] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[25] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).
[26] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, 572.
[27] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).
[28] 32 LPRA Ap. V, R. 10.2.

formula el demandado en la cual solicita que se desestime la demanda presentada en su contra, aun sin necesidad de formular una alegación previa.[29]

La regla establece que:

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

(1) falta de jurisdicción sobre la materia;

(2) falta de jurisdicción sobre la persona;

(3) insuficiencia del emplazamiento;

(4) insuficiencia del diligenciamiento del emplazamiento;

(5) dejar de exponer una reclamación que justifique la concesión de un remedio;

(6) dejar de acumular una parte indispensable.[30]

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, y aquellos que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas.[31] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[32] Ello, puesto que en nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos. A esos efectos, la desestimación únicamente procederá cuando existan

[29]*Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).
[30] 32 LPRA Ap. V, R. 10.2.
[31] *González Mendez v. Acción Social et al*, 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería,* 167 DPR 625, 649 (2006)
[32] *Torres, Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 505 (1994).

circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[33] Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada.[34]

III

En el presente recurso, la parte apelante sostiene que el foro primario incidió en desestimar su reclamación en cuanto a la parte apelada. Afirma que las alegaciones formuladas en su *Demanda Enmendada* cumplen con la Regla 6.1 de Procedimiento Civil. A su vez, plantea que el referido foro erró al desestimar con perjuicio la acción presentada contra la parte apelada, dado a que la misma era susceptible de ser enmendada y el efecto de una desestimación con perjuicio constituye una sanción muy severa. Lo anterior, cuando existe en nuestro ordenamiento jurídico una política pública judicial inclinada a favorecer que los casos se ventilen en sus méritos.

Tras juzgar que los errores esgrimidos se encuentran íntimamente relacionados, procederemos a discutirlos en conjunto.

En el caso ante nuestra consideración, surge que, luego de que Supermax alegó en su contestación a la demanda que el accidente sufrido por la parte apelante ocurrió en un pasillo que se encontraba frente al Supermercado, a consecuencia de un líquido que provenía de una nevera propiedad de Ponce Ice, la parte apelante enmendó su *Demanda* para incluir como partes demandadas a Ponce Ice y B.V. Properties. Sin embargo, las alegaciones formuladas en la *Demanda Enmendada* permanecieron idénticas a las de su demanda original. Sobre los actos que causaron los perjuicios reclamados, la parte apelante simplemente detalló en

---

[33] *González Méndez v. Acción Social et al.,* supra, 235.
[34] *Accurate Sols. v. Heritage Enviroment,* supra, 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 429 (2008); *Colón v. Lotería,* supra, 649; *Clemente v. Depto. de la Vivienda,* 114 DPR 763, 771 (1993).

el pliego que, mientras se encontraba en las instalaciones del Supermax de Cidra, sufrió una caída debido a un líquido derramado en el suelo.

Coincidimos en que las alegaciones expresadas en la *Demanda Enmendada* no le notifican adecuadamente a Ponce Ice de las reclamaciones en su contra, ni le ayudan a entender la sustancia de lo que debe defenderse, según exige el ordenamiento jurídico vigente. Ahora bien, como bien destaca la parte apelante, en nuestro ordenamiento jurídico existe una política pública a favor de que los casos se ventilen en los méritos.[35] Así, pues, según indicamos, cuando el juzgador de instancia se enfrenta a una moción de desestimación, deberá interpretar las alegaciones de forma liberal y de la forma más favorable posible para la parte demandante.[36] De manera que si la demanda es susceptible a ser enmendada no debe desestimarse.[37] A tenor, la desestimación solo procederá cuando se determine que la demanda carece de todo mérito y que el demandante no tiene derecho a ningún remedio.[38]

Aunque la *Demanda Enmendada*, según redactada, no esboza adecuadamente reclamaciones que justifiquen la concesión de un remedio por parte de Ponce Ice, eso no elimina la posibilidad de que se puedan enmendar las alegaciones. Por ello, justipreciamos que el foro *a quo* se excedió en su discreción al desestimar la demanda con perjuicio, dado a que la reclamación era susceptible de ser enmendada.

La parte apelada, en su alegato en oposición, arguye que el tribunal de instancia correctamente desestimó la acción con

---

[35] *VS PR, LLC v. Drift-Wind,* supra, 264.
[36] *Torres, Torres v. Torres et al.*, supra, 501; *Pressure Vessels PR v. Empire Gas PR*, supra, 505.
[37] *Accurate Sols. v. Heritage Enviroment,* supra, 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, 429; *Colón v. Lotería*, supra, 649; *Clemente v. Depto. de la Vivienda*, supra, 771.
[38] *González Méndez v. Acción Social et al.,* supra, 235.

perjuicio, puesto que el aludido foro autorizó a la parte apelante a enmendar su demanda para incluir a Ponce Ice como parte y a esbozar alegaciones que le imputaran responsabilidad por el accidente, y no lo hizo. No nos convence el argumento de la parte apelada. Las Reglas de Procedimiento Civil no imponen un límite de veces en las que se puede enmendar una demanda. Además, según apuntalamos, cuando una reclamación es susceptible de ser enmendada no amerita la desestimación. Es de ver, además, que el caso ante la consideración del foro primario es uno de recién radicación que abona además a la severa sanción conferida.

Al amparo de todo lo expuesto, colegimos que los errores esgrimidos fueron cometidos. Aclaramos que nuestra determinación no debe interpretarse, de forma alguna, en una afirmación de la responsabilidad de Ponce Ice sobre los daños reclamados. Lo anterior es un asunto que le competerá en su día adjudicarlo a la primera instancia judicial.

IV

Por los fundamentos que anteceden, se revoca la *Sentencia Parcial* apelada y se ordena la continuación de los procedimientos cónsono a lo que hemos resuelto en esta *Sentencia*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones