Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BERNY GUZMÁN DÍAZ<br><br>Apelante<br><br>V.<br><br>GARAGE ISLA VERDE LLC; ASEGURADORAS X, Y, Z; UNIVERSAL INSURANCE COMPANY Y OTROS<br><br>Apelados | KLAN202400713 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV00390<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente |

Panel integrado por su presidente; el Juez Rodríguez Casillas[1], el Juez Adames Soto y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece el señor Berny Guzmán Diaz (en adelante, Guzmán Díaz o apelante) mediante un recurso de *Apelación* para solicitarnos la revisión de la *Sentencia Parcial* emitida y notificada el 10 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI).[2] Mediante la *Sentencia Parcial* apelada, el foro primario declaró Ha Lugar la *Moción de Desestimación por Prescripción y/o de Sentencia Sumaria* presentada por JRB Mercedes Specialist Inc., (en adelante, JRB Mercedes o parte apelada) y desestimó con perjuicio la causa de acción presentada contra esta parte.

Por los fundamentos que expondremos, se *confirma* la *Sentencia Parcial* apelada.

---

[1] Véase, la Orden Administrativa OATA-2024-091 de 13 de agosto de 2024, en la que se designa al Hon. Roberto Rodríguez Casillas para entender y votar en el recurso de epígrafe, debido a la inhibición de la Hon. Gloria L. Lebrón Nieves.

[2] Apéndice del recurso, a las págs. 1-4. Véase, el alfanumérico CA2021CV00390 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la entrada 116.

Número Identificador

SEN2024 _____

**I**

El presente caso tiene su génesis el 16 de febrero de 2021, luego de que el señor Guzmán Díaz presentara una *Demanda* sobre daños y perjuicios e injunction contra Garage Isla Verde y sus compañías aseguradoras.[3] Alegó que era dueño del vehículo Mercedes S550 del año 2015, y que dicho vehículo confrontó problemas con la llave y varios módulos eléctricos que fueron comprados por este en el Garage Isla Verde. En atención a esto último, alegó que, el 1 de agosto de 2019, llevó el vehículo a Garage Isla Verde para que se le configurara la llave comprada a estos y los módulos correspondientes. Sin embargo, Garage Isla Verde se negó a proveerle el servicio requerido y le ordenaron a llevarse el vehículo de sus facilidades. Luego de buscar en concesionarios independientes para resolver su situación, este advino en conocimiento que Garage Isla Verde era el único lugar donde le podían configurar los módulos y las llaves que le habían vendido, por lo que arguyó que al negarse a proveerle el servicio solicitado estos le habían restringido, y continuaban restringiendo, el uso y disfrute de su vehículo. Es por esto que solicitó la suma de veinte mil dólares ($20,000.00) y diez mil dólares ($10,000.00) por concepto de angustias mentales, el pago de honorarios de abogado, más las costas del pleito. De igual forma, solicitó que se le ordenara al Garage Isla Verde a configurar inmediatamente los módulos y la llave vendida por dicha parte. El 3 de agosto de 2021, el señor Guzmán Díaz presentó una *Demanda Enmendada* en la que incluyó a Universal Insurance como parte demandada y modificó la cuantía solicitada en daños.[4]

Luego de varias instancias procesales y con posterioridad al descubrimiento de prueba, el 21 de julio de 2023, el señor Guzmán

---

[3] Apéndice del recurso, a las págs. 5-8.
[4] Véase, el alfanumérico CA2021CV00390 en SUMAC, a la entrada 27.

Díaz presentó una *Demanda Contra Tercero* sobre daños y perjuicios e injunction preliminar en contra de JRB Mercedes.[5] En esta, alegó que, en su búsqueda de alternativas, llevó su vehículo a JRB Mercedes. Ellos le indicaron que solo Garage Isla Verde podía realizar el arreglo. Sin embargo, durante el descubrimiento de prueba Garage Isla Verde alegó y pretendió establecer que JRB Mercedes tenía la capacidad de configurar los módulos y llave. De esto ser cierto, adujo que, al negarse a darle el servicio, JRB Mercedes y Garage Isla Verde restringieron su uso y disfrute del vehículo. Por todo lo antes expuesto, solicitó que se condenara a JRB Mercedes solidariamente al pago de la suma de más de cincuenta y dos mil dólares ($52,000.00) por los daños y perjuicios causados a su persona y la suma de diez mil dólares ($10,000.00) por concepto de angustias mentales, pago de honorarios de abogado, más los gastos y costas del pleito. De igual forma, solicitó que se le ordenara a JRB Mercedes a configurar los módulos de su vehículo. Dicha *Demanda contra Tercero* fue contestada el 31 de octubre de 2023.[6]

Luego de varias instancias procesales, el 5 de marzo de 2024, JRB Mercedes presentó una *Moción de Desestimación por Prescripción y/o de Sentencia Sumaria.*[7] En esta, adujo que el señor Guzmán Díaz adquirió el vehículo Mercedes S550 del año de 2015 mediante una subasta hecha por Universal Insurance en el 2018. El vehículo tuvo un costo de treinta y dos mil dólares ($32,000.00). Sin embargo, esbozaron que del documento de *Estimate Totals* provisto al tribunal, se desprendía que el vehículo se había inundado de agua hasta el panel de instrumentos y tenía el motor trancado. Consecuentemente, el mismo fue declarado pérdida total

---

[5] Apéndice del recurso, a las págs. 9-11.
[6] *Íd.,* a las págs. 12-17.
[7] *Íd.,* a las págs. 18-45.

por Universal Insurance, quien pagó a Mercedes Benz Financial Services la suma de ciento nueve mil quinientos dólares ($109,500.00) por la pérdida. Asimismo, arguyeron que el vehículo confrontó problemas con la llave y varios módulos eléctricos, los cuales fueron comprados por el señor Guzmán Díaz en el Garage Isla Verde. Finalmente, argumentaron que el señor Guzmán Díaz había acudido a varios talleres de vehículos independientes previo a llevar su vehículo a JRB Mercedes en 2020. Luego de inspeccionar el vehículo, estos le informaron que solo el Garage Isla Verde podía hacer la configuración de las llaves y los módulos que este solicitaba, ya que la labor no podía llevarse a cabo en talleres independientes.

En respuesta, el 4 de abril de 2024, Guzmán Díaz presentó una *Moción en Oposición a Solicitud de Sentencia Sumaria.*[8] En esta, alegó que existía una controversia genuina sobre los hechos materiales del caso y que la sentencia sumaria debía verse de la manera más favorable posible para la parte que se opone a la misma. Arguyó que, ante el hecho de que era un caso de daños continuos donde el término prescriptivo no transcurría hasta la cesación del daño, no procedía declarar Ha Lugar la desestimación por prescripción. Por todo lo antes expuesto, solicitó que se declarara No Ha Lugar solicitud de sentencia sumaria.

Luego de evaluar los escritos de las partes, el TPI emitió la *Sentencia Parcial* que nos ocupa, el 10 de mayo de 2024.[9] En la *Sentencia Parcial*, el tribunal de instancia acogió la solicitud instada por JRB Mercedes y, en consecuencia, desestimó la causa de acción con perjuicio. Además, conforme a la Regla 42.2 de las de Procedimiento Civil, no especificó los hechos probados ni consignó separadamente las conclusiones de derecho. El 28 de mayo de 2024,

---

[8] *Íd.,* a las págs. 46-55.
[9] *Íd.,* las págs. 1-4. Véase, el alfanumérico CA2021CV00390 en el SUMAC, a la entrada 116.

Guzmán Díaz presentó una *Moción en Solicitud de Reconsideración.*[10] A través de esta, alegó que la moción de sentencia sumaria había sido presentada a destiempo. En respuesta, el 18 de junio de 2024, JRB Mercedes presentó una *Moción en Oposición a "Moción en Solicitud de Reconsideración" del Demandante.*[11] Arguyó que, contrario a lo alegado por el señor Guzmán Díaz en su solicitud de sentencia sumaria, este cumplía a cabalidad con la Regla 36 de Procedimiento Civil. Asimismo, estableció que a tenor con la Regla 42.2 de Procedimiento Civil, el tribunal no venía obligado a especificar los hechos probados y consignar separadamente las conclusiones de derecho en la *Sentencia Parcial* que emitió. Finalmente, esgrimió que la moción de reconsideración presentada por el señor Guzmán Díaz no cumplía con requisitos de la Regla 47 de Procedimiento Civil por ser frívola, inespecífica y sin fundamento que ameritara la reconsideración del dictamen inicial del TPI.

Mediante *Resolución* emitida el 24 de junio de 2024, notificada al día siguiente, el TPI declaró No Ha Lugar la moción de reconsideración del señor Guzmán Díaz.[12]

Inconforme, el 29 de julio de 2024, el señor Guzmán Díaz acude ante nos a través del presente recurso de *Apelación* y esboza el siguiente señalamiento de error:

**ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SENTENCIA SUMARIA, EN CLARO ABUSO DE DISCRE[CIÓ]N Y CONT[R]ARIO A DERECHO.**

El 26 de agosto de 2024, compareció la parte apelada a través de un *Alegato en Oposición a Apelación.* Solicitó que se declare No Ha Lugar el presente recurso y se confirme la *Sentencia* emitida por el TPI, el 10 de mayo de 2024.

---

[10] Apéndice del recurso, a las págs. 56-58.
[11] *Íd.,* a las págs. 59-66.
[12] *Íd.,* a la pág. 67. Véase, el alfanumérico CA2021CV00390 en SUMAC, a la entrada 124.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer el derecho aplicable.

**II**

**A. Recurso de Apelación**

La Regla 52.2 (a) de Procedimiento Civil[13], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[14] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[15]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> [...].[16]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[17] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[18] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los

---

[13] 32 LPRA Ap. V, R. 52.2 (a).
[14] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[15] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[16] 4 LPRA Ap. XXII-B, R. 13 (A).
[17] 32 LPRA Ap. V, R. 47.
[18] *Íd.*

tribunales inferiores aplican el derecho a los hechos particulares de cada caso y si abusaron de su discreción.[19] El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[20] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[21] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[22]

### B. Regla 36 y 42.2 de Procedimiento Civil

La Regla 36.2 de Procedimiento Civil se regula las solicitudes de sentencia sumaria a favor de una parte contra quien se reclama. Particularmente, dispone lo siguiente:

> Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[23]

La parte contra quien se reclama un pleito, cuando presente una moción de sentencia sumaria al amparo de la 36.2 deberá cumplir con los requisitos de forma preceptuados en la Regla 36.3 de Procedimiento Civil, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia;

---

[19] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[20] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).
[21] *Sierra, Secretario del Trabajo v. Tribunal Superior, supra,* 572.
[22] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).
[23] 31 LPRA Ap. V, R. 36.2.

(3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y con párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, indicando los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar sentencia argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[24] Cumplidos estos requisitos, el inciso (e) de la Regla 36.3 establece que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.
>
> El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor de cualquier parte en el pleito.
>
> Si la parte contraria no presenta la contestación a la sentencia sumaria en término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para consideración del tribunal.[25]

Por lo tanto, cuando no existe controversia sobre los hechos materiales que motivaron el pleito, solo resta que el foro de instancia aplique el Derecho a los hechos incontrovertidos.[26] A fin de cuentas, el propósito del mecanismo cardinal del mecanismo de sentencia sumaria es proveer una solución justa, rápida y económica para los

---

[24] 32 LPRA Ap. V, R. 36.3.
[25] 31 LPRA Ap. V, R.36.3 (e).
[26] *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 128 (2012); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

litigios de naturaleza civil en los cuales no exista un conflicto o controversia genuina de los hechos materiales.[27]

En cuanto a la Regla 42.2 de Procedimiento Civil, nuestro ordenamiento procesal requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. A esos efectos, la referida regla preceptúa que en todos los pleitos el tribunal especificará los hechos probados y consignará separadamente las conclusiones de derecho y ordenará que registre la sentencia que corresponda.[28] Sin embargo, y en atención a que los pleitos resueltos por la vía sumaria solamente exigen que el foro sentenciados aplique el Derecho a los hechos incontrovertidos propuestos por el promovente—y que no fueron controvertidos por la parte promovida en su oposición, la precitada regla también establece que no será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho al resolver mociones bajo las Reglas 10 [o] 36.1 y 36.2, o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2.[29] No obstante, en los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.

### C. Derecho sobre Prescripción

El Artículo 1536 del Código Civil de Puerto Rico establece que el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.[30] Para que exista responsabilidad bajo este precepto, es necesario: (1) que ocurra un daño; (2) que haya una acción u omisión culposa o

---

[27] *Abrams Rivera v. E.L.A.*, 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010).
[28] 32 LPRA Ap. V, R.42.2.
[29] *Íd.*
[30] Art. 1536 del Cód. Civil de P.R., 31 LPRA sec. 1536.

negligente; y (3) que exista una relación causal entre el daño y la conducta culposa o negligente.[31]

Las reclamaciones por daños y perjuicios están sujetas al término prescriptivo dispuesto en el Artículo 1204 del Código Civil de Puerto Rico, el cual establece un término prescriptivo de un año en las reclamaciones para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quién lo causó.[32] Esta causa de acción posee una vida limitada y se extingue una vez ha transcurrido el plazo estatuido, a menos que se interrumpa eficazmente.[33] Por ello, es necesario como cuestión de umbral, determinar el momento inicial del cómputo, para así tener la certeza de cuál es su momento final.[34] La teoría cognoscitiva del daño establece que los términos para incoar una causa de acción comienzan a transcurrir cuando el reclamante conoce, o debió conocer, si hubiera empleado un grado razonable de diligencia, que sufrió daños y quién se los causó.[35]

Nuestro Tribunal Supremo ha reiterado que el punto de partida para computar el término prescriptivo para instar una causa de acción de daños y perjuicios es la fecha en que el agraviado supo del daño y pudo ejercitar su acción.[36] Por lo tanto, el término para ejercer las acciones comienza a transcurrir, no cuando se sufre el daño, sino cuando se conocen todos los elementos necesarios para poder ejercer la acción[37]. Aun así, si el desconocimiento que imposibilita ejercer la acción a tiempo fue ocasionado por la falta de

---

[31] *García v. ELA*, 163 DPR 800 (2005); *Administrador v. ANR*, 163 DPR 48 (2004); *Valle v. ELA*, 157 DPR 1 (2002); *Montalvo v. Cruz*, 144 DPR 748 (1998); *Elba A.B.M. v. U.P.R.*, 125 DPR 294 (1990).

[32] 31 LPRA sec. 9496.

[33] *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 166 (2007).

[34] *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012); *Cintrón v. E.L.A.*, 127 DPR 582 (1990).

[35] *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425 (2011).

[36] *Padín v. Cía Fom. Ind.*, 150 DPR 403, 411 (2000).

[37] *Íd.*

diligencia del reclamante, entonces no son aplicables estas consideraciones liberales sobre prescripción.[38]

**III**

En el presente caso, el apelante esgrime que el TPI erró al declarar Ha Lugar la sentencia sumaria, en claro abuso de discreción y contrario a derecho. Argumenta, además, que el presente caso versa sobre la existencia de daños continuos, por lo tanto, estos culminarían con la programación del vehículo que a su vez ocasionaría el cese de la depreciación de este, y le pondría fin a la pérdida de negocios que aduce le ha estado causando. Por lo tanto, esbozó que tiene hasta el cese de los daños para entablar una reclamación en contra de los cocausantes del daño. Por otro lado, estableció que, en su *Sentencia Parcial*, el TPI no excluyó a JRB Mercedes de ser causante del daño como cuestión de hecho. En atención a esto, alegó que, conforme a los hechos del caso y el derecho aplicable, no procedía desestimar la causa de acción contra JRB Mercedes. Por todo lo antes expuesto, adujo que no revocar la *Sentencia Parcial* causaría un fracaso a la justicia. No le asiste la razón. Veamos.

La parte apelante labra su error en tres fundamentos esenciales. *Primero*, arguye que la solicitud de sentencia sumaria no cumple con los requisitos de la Regla 36 de las de Procedimiento Civil. *Segundo*, esboza que la referida solicitud fue presentada a destiempo. *Tercero*, aduce que la doctrina de daños continuados es aplicable al presente caso y que por lo tanto no ha surgido un daño definitivo que haya iniciado el transcurso del término prescriptivo en el presente caso.

Como bien sabemos, la sentencia sumaria es un mecanismo procesal que pretende aligerar la tramitación de aquellos casos en

---

[38] *Íd.*

los cuales no existe una controversia de hechos real y sustancial que amerite la celebración de un juicio en su fondo. De cumplir con los requisitos establecidos en la Regla 36.2, *supra*, el tribunal puede adjudicar el caso únicamente aplicando el derecho a los hechos no controvertidos. En los casos donde exista alguna controversia sobre hechos esenciales materiales o subjetivos, no procede utilizar el mecanismo de sentencia sumaria. El apelante en este caso aduce que el TPI estaba impedido de atender el caso de forma sumaria debido a que existía controversia sobre: (i) la fecha en que el señor Guzmán Diaz llevó el vehículo al Garage Isla Verde; (ii) si previo a llevar su vehículo a JRB Mercedes, el señor Guzmán Díaz sabía que la labor de configurar llaves y módulos no podía ser realizada por talleres independientes; (iii) si esta última alegación es correcta debido a que Garage Isla Verde tenía restringida o bloqueada la programación de la llave del modelo Mercedes Benz  para que esta solo pudiese ser realizada por ellos, como distribuidores autorizados en Puerto Rico. Ninguno de estos señalamientos es esencial en el caso de autos. *Primero*, la fecha en que el señor Guzmán Díaz llevó el vehículo al Garage Isla Verde fue admitida por todas las partes en sus comparecencias ante el tribunal. Por otro lado, el *segundo* señalamiento de controversia es inmeritorio debido a que el señor Díaz Guzmán admitió haber sido informado de que solo Garage Isla Verde podía configurarle la llave en la contestación que proveyó en el interrogatorio que le fue cursado por JRB Mercedes. Finalmente, el *tercer* señalamiento de controversia no concierne a JRB Mercedes, ni es un hecho esencial en el caso de autos. Por todo lo antes expuesto, colegimos que la solicitud de sentencia sumaria presentada por la parte apelada cumple con los requisitos taxativos de la precitada Regla 36.

Por otro lado, colegimos que el argumento planteado de que la solicitud de sentencia sumaria fue presentada de forma tardía,

tampoco es procedente, ya que surge del expediente que el descubrimiento de prueba fue dilatado por el propio apelante. Surge de la *Minuta* registrada para un Status Conference[39], celebrada el 30 de octubre de 2023, que el Tribunal manifestó que, a partir de la contestación de la demanda contra tercero, concedía un término de sesenta (60) días para la culminación del descubrimiento de prueba. La contestación de la demanda contra tercero fue presentada por JRB Mercedes el 31 de octubre de 2023. Sin embargo, no fue hasta el 2 de enero de 2024, que el señor Guzmán Diaz presentó su contestación al descubrimiento de prueba. Esto, a pesar de que JRB Mercedes le remitió el Interrogatorio, Producción de Documentos y Requerimiento de Admisiones, el 2 de noviembre de 2023, y le impuso un término de treinta (30) días para responder al mismo. Al no cumplir con el término establecido, el 2 de noviembre de 2023, JRB Mercedes presentó una escrito ante el TPI para que le ordenara a Guzmán Díaz descubrir lo solicitado.[40] La intervención del tribunal en el proceso de descubrimiento de prueba es una discrecional que surge de un ejercicio de razonabilidad.[41] Este ejercicio tiene como propósito hacer un balance de intereses entre garantizar la pronta solución de las controversias y velar que las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento de prueba de forma tal que en la vista en su fondo no surjan sorpresas.[42] Evaluado el expediente ante nos y el derecho aplicable, no apreciamos abuso de discreción o error de derecho en la determinación del foro primario en su determinación de declarar Ha Lugar la moción de sentencia sumaria de la parte apelada. Es claro que, a través de esta determinación, el tribunal excluyó a JRB Mercedes de ser causante del daño como cuestión de hecho, además

---

[39] Véase, el alfanumérico CA2021CV00390 en SUMAC, a la entrada 106.
[40] *Íd.,* a la entrada 107.
[41] *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000).
[42] *Íd.*

de que, evidentemente la acción incoada contra esta parte se encontraba prescrita.

Finalmente, debemos mencionar que prescindimos de hacer alguna expresión sobre la argumentación hecha por el apelante en cuanto a los daños continuos, ya que no es aplicable al caso de autos. El apelante conoció del alegado daño desde que llevó su vehículo al JRB Mercedes en el año 2020, y optó por preterirlo tanto en la *Demanda*, como en la *Demanda Enmendada*. No fue hasta el julio de 2023, que decidió incluir a JRB Mercedes en el pleito. Sin duda alguna, la causa de acción al momento de presentar la acción estaba prescrita.

Por todo lo antes expuesto, y luego de haber evaluado minuciosamente el expediente ante nuestra consideración, así como los autos ante el TPI en el SUMAC, tras no vislumbrar ninguna instancia de abuso de discreción, perjuicio, parcialidad o error manifiesto por parte del TPI, resolvemos que el error esgrimido no fue cometido, por lo que procede confirmar la *Sentencia* apelada.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones